

U.S. Department of Justice

United States Attorney
Eastern District of New York

JPN:WMN
F. #2009R02252, 2014R00533, 2011R01921,
   2010R01342, 2008V02700

*610 Federal Plaza*
*Central Islip, New York 11722*

April 14, 2014

BY HAND DELIVERY AND ECF

The Honorable Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

The Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

The Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Poppi Metaxas, 14 CR 190 (JFB)
            United States v. Robert Savitsky, 14 CR 177 (SJF)
            United States v. Helene DeCillis, 11 CR 682 (ADS)
            United States v. Michael Ashley, 11 CR 516 (ADS)
            United States v. Michael Primeau, 11 CR 379 (LBW)

Dear Judge Bianco, Judge Spatt, Judge Feuerstein and Judge Wexler:

        Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned cases are presumptively related and may be appropriate for reassignment to one Court.   All five of the cases arose from United States v. Ideal Mortgage et al., 09 CV 4484 (JFB) ("Ideal"), a civil fraud action that sought to enjoin the Ideal Mortgage Bankers Ltd., doing business as "Lend America," from originating federally-insured mortgages.   The Court in that case entered a default judgment in favor of the government on May 7, 2010, and that case is now closed.   The defendants in four of the above-captions cases, specifically Robert Savitsky, Helene DeCillis, Michael Ashley and Michael Primeau, have entered guilty pleas but have not yet been sentenced.   Defendant Poppi Metaxas was arraigned last week in the Northern District of California and is presently scheduled to make her first appearance in the Eastern District of New York on May 2, 2014 before Judge Bianco.

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). The five above-captioned cases are presumptively related because the facts of all five case arise out of the same criminal transactions and events that first came to light during the litigation in <u>Ideal</u>. Specifically, in February and March 2009, defendant Poppi Metaxas, who was then the president and chief executive officer of Gateway Bank FSB ("Gateway"), engaged in a scheme to defraud Gateway in connection with Gateway's sale of non-performing mortgage loans to three entities in exchange for $15 million. As charged in the indictment, Metaxas caused Gateway to enter into a sham loan agreement with Lend America, a mortgage lender and Gateway's largest mortgage lending client. Defendants Michael Ashley, Helene DeCillis and Michael Primeau were principals and officers of Lend America. Defendant Robert Savitsky was legal counsel for Lend America. Metaxas and individuals associated with Lend America, through a series of wire transfers, then used the proceeds of that sham loan to satisfy the 25% down payment that the three entities owed to Gateway in connection with the sale of the mortgage loans. To conceal the fraudulent "round trip" of the loan funds, in October 2009, Metaxas provided false testimony to the Office of Thrift Supervision when she was asked about the source of the down payment. The government notes that, should defendant Metaxas proceed to trial, the other defendants might be called as witnesses against her.

As the five above-captioned cases are thus presumptively related, the government respectfully submits that reassignment might be appropriate, as reassignment could likely result in a significant savings of judicial resources and serve the interests of justice.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /S/
Walter M. Norkin
John P. Nowak
Martin E. Coffey
Assistant U.S. Attorneys
718-254-6152/6097/6157

cc:    All defense counsel (by ECF)